UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ARISTA RECORDS LLC, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 3:07-cv-481 |
| ) | (PHILLIPS/SHIRLEY) |
| DOES 1-18, ) | |
| ) | |
| Defendants. ) | |

## **MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and by Order [Doc. 5] of the Honorable Thomas W. Phillips, United States District Judge, for disposition of the plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery [Doc. 3].

The plaintiff record companies bring this copyright infringement action against Does 1-18 ("the Doe Defendants"), alleging that the Doe Defendants have disseminated over the Internet copyrighted works owned and/or controlled by the plaintiffs. [Doc. 1]. The plaintiffs now apply *ex parte* for leave to serve limited, immediate discovery on a third party Internet Service Provider ("ISP") to determine the true identities of the Doe Defendants. [Doc. 3]. Although the plaintiffs do not know the true names of the Doe Defendants, the plaintiffs have identified each defendant by a unique Internet Protocol ("IP") address assigned to that defendant on the date and time of that defendant's infringing activity. The plaintiff intend to serve a Rule 45 subpoena on the ISP – in this case, the University of Tennessee at Knoxville – seeking documents that identify each defendant's true name, address, telephone number, e-mail address, and Media Access Control ("MAC") address.

The plaintiffs assert that without this information, the plaintiffs cannot identify the Doe Defendants or pursue their lawsuit to protect their copyrighted works from repeated infringement.

The Rules of Civil Procedure generally provide that a party may not engage in discovery until after the parties have met for a discovery conference pursuant to Rule 26(f). See Fed. R. Civ. P. 26(d). However, upon a demonstration of good cause, a party may seek expedited discovery prior to a Rule 26(f) conference. Qwest Communications Int'l, Inc., 213 F.R.D. 418, 419 (D. Colo. 2003); Semitool, Inc. v. Tokyo Electron America, Inc., 208 F.R.D. 273, 276 (N.D. Cal. 2002). "Expedited discovery under Rule 45 is appropriate when good cause for the discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." UMG Recordings, Inc. v. Does 1-4, No. 06-0652, 2006 WL 1343597, at *1 (N.D. Cal. Mar. 6, 2006).

The Court finds that the plaintiffs have shown good cause for expedited discovery in the present case and that the plaintiffs' need for this expedited discovery outweighs any prejudice to the Doe Defendants. First, without the disclosure of the identities of the Doe Defendants, the present litigation cannot proceed, as the plaintiffs would be unable to effect service of process upon the defendants. See UMG Recordings, 2006 WL 1343597, at *1. Second, the plaintiffs have shown that ISPs typically retain user activity logs only for a short period of time – from a few days to a few months – before erasing the data. Thus, there is a likelihood that the information required by the plaintiffs will be destroyed in the near future, thereby precluding the plaintiffs from pursuing this lawsuit to protect their copyrighted works. See id. Finally, the plaintiffs are presumed to suffer irreparable harm where their right to the exclusive use of copyrighted material has been invaded. See id.; see also Qwest Communications, 213 F.R.D. at 419 ("The good cause standard may be

satisfied . . . where the moving party has asserted claims of infringement and unfair competition").

For these reasons, the Court finds that good cause exists to allow expedited discovery in this case.

Accordingly, it is hereby **ORDERED**:

(1)  The plaintiffs' *Ex Parte* Application for Leave to Take Immediate Discovery [Doc. 3] is **GRANTED**;

(2)  The plaintiffs are hereby **ORDERED** to serve a copy of this Order, along with a Rule 45 subpoena requesting each subscriber's name, address, telephone number, e-mail address, and MAC address, upon the University of Tennessee at Knoxville;

(3)  **In accordance with the provisions 47 U.S.C. § 551(c) and 20 U.S.C. § 1232g(b)(2)(B), the University of Tennessee at Knoxville shall serve a copy of the subpoena and a copy of this Order upon its relevant subscribers within five (5) days of the University's receipt of that subpoena;**

(4)  The subscribers shall then have fifteen (15) days from the date of service upon them to file any objections or motions to quash with the Court;

(5)  If that 15-day period elapses without filings by any of the subscribers, the University of Tennessee shall have ten (10) days from such lapse to produce each relevant subscriber's name, address, telephone number, e-mail address, and MAC address to the plaintiffs pursuant to the subpoena; and

(6)  The plaintiffs are to use the information disclosed pursuant to the subpoena only for the purpose of protecting their rights under the copyright laws.

**IT IS SO ORDERED.**

                                **ENTER:**

                                  s/ C. Clifford Shirley, Jr.  
                                United States Magistrate Judge